In re Bill LONG, District Clerk,
Dallas County, Relator.

No. 97–0373.

Supreme Court of Texas.

Jan. 7, 1999.

P. Michael Jung, John Clark Long, IV, Dallas, for relator.

Timothy E. Kelley, Dallas, for respondent.

**PER CURIAM.**

Relator Long's motion for rehearing is granted. We withdraw our opinion of July 3, 1998 and substitute the following in its place.

In this mandamus proceeding, the Dallas County District Clerk seeks relief from a judgment of contempt for violating an injunction. We hold that, because the Clerk violated the injunction each time he collected the court reporter fee or the sheriff fee, the trial court could assess multiple fines. However, the Clerk could not be held in contempt for violating the injunction until the court of appeals issued its mandate on February 13, 1995. Nor is there any evidence in the record that the Clerk violated the injunction after the September 28, 1995 contempt hearing. Thus, the trial court abused its discretion by assessing fines for violations before February 13, 1995 and by assessing fines for collecting the sheriff fee after September 28, 1995. Accordingly, we conditionally grant Relator's petition for writ of mandamus in part. Because the trial court did not otherwise abuse its discretion, we deny the remaining requests for relief.

H. Averill Sweitzer (now deceased) and Walter Kowalski, plaintiffs in the underlying action and real parties in interest to this proceeding (collectively Sweitzer), sued Dallas County and the Dallas County District Clerk to recover certain filing fees they had paid and to enjoin further collection of those fees. The trial court awarded Sweitzer damages and enjoined the Clerk from collecting certain filing fees, including the court reporter fee and the sheriff fee. All parties appealed. The court of appeals issued an opinion that primarily addressed issues unrelated to this mandamus but that also held that the sheriff fee and the court reporter fee were improperly collected. *Dallas County v. Sweitzer*, 881 S.W.2d 757 (Tex.App.—Dallas 1994, writ denied). The parties' motions for rehearing were overruled on July 11, 1994. Although the Clerk did not file an application for writ of error with this Court, Sweitzer did. This Court denied Sweitzer's application and overruled the motion for rehearing. Shortly thereafter, on February 13, 1995, the court of appeals issued its mandate, which, among other orders, enjoined the Clerk from collecting a $15.00 court reporter fee and a $30.00 sheriff fee.

Sweitzer thereafter filed a motion for contempt, complaining that the Clerk had failed to honor the injunction as modified by the court of appeals. Sweitzer alleged that the Clerk continued collecting the court reporter fee until April 1, 1995, which was nine months after the motions for rehearing had been overruled by the court of appeals. Sweitzer also alleged that the Clerk stopped collecting the sheriff fee on January 1, 1995, but thereafter began collecting a $30.00 "bailiff fee."

The trial court conducted a contempt hearing and found the Clerk guilty of continually collecting a court reporter fee from the time the Clerk's motion for rehearing was overruled by the court of appeals on July 11, 1994 until the Clerk ceased collecting the fee on April 1, 1995. The trial court also found that collection of the bailiff fee was a sham and a subterfuge and that the Clerk violated the injunction by continuing to collect the sheriff fee from and after July 11, 1994 by substituting the bailiff fee in place of the sheriff fee. (For ease of reference, we will collectively refer to the sheriff and bailiff fees as the sheriff fee.)

Based on these findings, the trial court fined the Clerk as follows: (1) $500 per day for charging the court reporter fee from July 11, 1994 to April 1, 1995, which totaled $131,500; and (2) $500 per day for charging the

sheriff fee from July 11, 1994 to March 15, 1996, which totaled $220,000. After unsuccessfully seeking mandamus from the court of appeals, the Clerk filed this petition for mandamus.

██ Mandamus will issue only if a court has clearly abused its discretion and the aggrieved party has no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). Contempt orders that do not involve confinement cannot be reviewed by writ of habeas corpus, and the only possible relief is a writ of mandamus. *See Rosser v. Squier,* 902 S.W.2d 962, 962 (Tex.1995).

██ We must first decide whether the trial court impermissibly carved a single contemptuous act into separate offenses. Section 21.002 of the Texas Government Code governs a district court's ability to punish for contempt. Each contemptuous act subjects the contemner to a fine of up to $500, to confinement for up to six months, or to both. TEX. GOV'T CODE § 21.002(b). But in assessing a penalty, a court cannot divide one contemptuous act into separate acts and assess punishment for each allegedly separate act. *See Ex parte Hudson,* 917 S.W.2d 24, 26 (Tex.1996); *Ex parte Genecov,* 143 Tex. 476, 186 S.W.2d 225, 226 (1945); *see also Ex parte Shaklee,* 939 S.W.2d 144, 145 n. 2 (Tex. 1997).

██ The Clerk argues that his failure to comply with the injunction by continuing to collect the court reporter fee and the sheriff fee is one continuous violation of the injunction. We reject this contention. The injunction as modified by the court of appeals specifically enjoined the Clerk from collecting a $15.00 court reporter fee and a $30.00 sheriff fee. Unlike one continuous act, the Clerk committed separate violations each and every time a lawsuit was filed by collecting either a court reporter fee or a sheriff fee.

Section 21.002 allows a court to impose a $500 fine *per violation or contemptuous act.* *See* TEX. GOV'T CODE § 21.002; *Ex parte Hudson,* 917 S.W.2d at 26; *Ex parte Genecov,* 186 S.W.2d at 226. In this case, a violation occurred each time the Clerk imposed either the court reporter fee or the sheriff fee. However, the trial court imposed a $500 fine *per day* for the sheriff fee and $500 fine *per day* for the bailiff fee. Although fining $500 per day would be impermissible without specific proof that there was at least one violation on each day—*i.e.,* that at least one lawsuit was filed on each and every day, including Saturdays, Sundays, and holidays—the Clerk did not raise that argument. The Clerk has not attacked the manner in which the multiple fines were assessed; he argues only that, because there are not multiple violations, there should not be multiple fines. Accordingly, we will not disturb that portion of the trial court's contempt judgment.

██ But the trial court did abuse its discretion by fining the Clerk for violating the injunction from July 11, 1994 through February 12, 1995. As a county official sued in his or her official capacity, a district clerk's notice of appeal operates as a supersedeas bond. TEX. CIV. PRAC. & REM.CODE § 6.001(b)(4); *see Ammex Warehouse Co. v. Archer,* 381 S.W.2d 478, 485 (Tex.1964) (holding that "[u]nless a contrary intention is made known to the Court, the State's notice of appeal operates as a supersedeas"); *Enriquez v. Hooten,* 857 S.W.2d 153, 154–55 (Tex. App.—El Paso 1993, orig. proceeding) (noting that those who act in official capacity for county are exempt from filing supersedeas bond). As a general rule, a district clerk's appeal, when perfected, automatically supersedes the trial court's judgment, and that suspension remains in effect until all appellate rights are exhausted. *See Enriquez,* 857 S.W.2d at 154–55. These rules apply to a district clerk's appeal of injunctions. *See, e.g., Ammex,* 381 S.W.2d at 485 (holding that the state had a valid statutory right to a supersedeas without filing a bond upon perfecting its appeals from a permanent injunction); *Ex parte Kimbrough,* 135 Tex. 624, 146 S.W.2d 371, 372 (1941) (orig.proceeding) (stating that "where the provisions of a permanent injunction are suspended on appeal, ... persons affected thereby are not required to observe its orders, and cannot be punished in contempt for disobedience thereof"); *City of San Antonio v. Clark,* 554 S.W.2d 732, 733 (Tex.Civ.App.—San Antonio 1977, no writ) (noting that when city was

exempt from requirement of filing a supersedeas bond in order to supersede a judgment, the city's appeal from the order granting an injunction "automatically superseded the order of injunction until disposition of City's appeal").

In this case, the Clerk filed a notice of appeal, which operated as a supersedeas bond. *See* TEX. GOV'T CODE § 6.001. All parties' appeals to the court of appeals were exhausted on July 11, 1994. Only Sweitzer filed an application for writ of error with this Court, and that appeal was exhausted on January 12, 1995. For the first time, on February 13, 1995, the court of appeals issued mandate in accordance with its opinion, which included modification of the trial court's injunction. In the subsequent contempt judgment, the trial court found that the Clerk's appeal to the court of appeals barred the enforcement of the injunction until that appeal became final on July 11, 1994, and calculated the contempt fines from that date.

In support of the trial court's contempt judgment, Sweitzer reasons that, because the Clerk did not appeal to this Court and because Sweitzer's appeal to this Court was unrelated to the injunction, the Clerk should have known that the terms of the injunction would not change after his motion for rehearing was denied by the court of appeals on July 11, 1994. Thus, Sweitzer argues, the Clerk could be held in contempt for violating the injunction from that date on.

■ We disagree. Absent an order to the contrary by the trial court or an appellate court, the Clerk could not be held in contempt for violating the injunction until all appeals relating to the judgment were exhausted and a mandate enforcing the injunction was issued. Sweitzer had possible mechanisms for seeking enforcement of the injunction before February 13, 1995. Sweitzer could have sought denial of suspension of the injunction. *See* former TEX.R.APP. P. 47(f) (allowing trial court to decline to permit other judgments to be suspended) (currently TEX.R.APP. P. 24.2(a)(3)); *City of Robstown v. Westergren,* 774 S.W.2d 739, 740–41 (Tex. App.—Corpus Christi 1989, no writ) (holding that district court has discretionary authority

under former Rule 47(f) to deny a city suspension of an injunction pending appeal). *But cf. Public Util. Comm'n v. Coalition of Cities for Affordable Util. Rates,* 776 S.W.2d 221, 222 (Tex.App.—Austin 1989, no writ) (holding that, when a state commission has the right under section 6.001 of the Texas Civil Practice and Remedies Code to supersede an order, the trial court cannot deny suspension of a temporary injunction under former Rule 43(a) (currently TEX.R.APP. P. 29.1(b)) pending an interlocutory appeal). Sweitzer also could have sought an earlier mandate to enforce the injunction. *See* former TEX.R.APP. P. 86(b) (allowing court to issue mandate before exhaustion of appeals "on motion showing good cause") (currently TEX.R.APP. P. 18.1(c)). But Sweitzer did neither, and the Clerk was not obligated to comply with the injunction until the appeals were final and mandate issued on February 13, 1995. Thus, the contempt fines for violations from July 11, 1994 through February 12, 1995 are improper.

■ Finally, the trial court also abused its discretion by fining the Clerk for violating the injunction after September 28, 1995 (the date of the contempt hearing). In its judgment, the trial court recited that the Clerk collected the sheriff fee "until the date of [the contempt] hearing." But the trial court then decreed that the Clerk "continues to charge the [sheriff fee] to the date of entry of this Judgment" and ordered fines for collecting the sheriff fee through March 25, 1996. Sweitzer argues that evidence of contempt between the date of the hearing and the judgment is unnecessary because the trial court contempt judgment was civil in nature. We disagree. The fines were criminal in nature because the punishment was not contingent and there was nothing that the Clerk could do to avoid it. *See Ex parte Werblud,* 536 S.W.2d 542, 545–46 (Tex.1976). As a criminal contempt judgment, the fines in this case must be supported by some evidence of contempt. While this Court cannot in a mandamus proceeding weigh the evidence supporting the trial court's contempt finding, this Court can determine whether a contempt judgment is void because there is no

evidence of contempt. *See Ex parte Chambers*, 898 S.W.2d 257, 259–60 (Tex.1995).

At the September 28, 1995 contempt hearing, Sweitzer presented some evidence that the Clerk had been collecting the sheriff fee through that date. This was the only hearing conducted prior to the date of the trial court's judgment, and there is no evidence in the record that the Clerk continued to charge the sheriff fee after the contempt hearing and until the date of judgment. Thus, the contempt fines for collecting the sheriff fee from September 29, 1995 through March 15, 1996 are void.

* * *

We therefore conditionally grant the writ of mandamus without hearing oral argument and conditionally grant partial relief as set forth in this opinion. *See* Tex.R.App. P. 59.1. We deny all further relief. We are confident that the trial court will act in accordance with this opinion. Writ will issue only if it does not do so.

Justice BAKER did not participate in the decision.