11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Burl J. Adams

Appellant

Vs.                   No.
11-01-00299-CV B Appeal from Eastland County

Carla Kay Adams Bell

Appellee

 

This is an
attempted appeal by Burl J. Adams from a judgment in 2001 holding him in
contempt for failing to comply with a contempt judgment that was entered by the
trial court in 1984.  Both contempt
judgments concern Burl=s
failure to ensure that his former wife, Carla Kay Adams Bell, received her
share of his military retirement benefits beginning in 1980.[1]  We dismiss the appeal for want of
jurisdiction because the only relief for a contempt judgment that does not
involve confinement is a writ of mandamus. 
In re Long, 984 S.W.2d 623, 625 (Tex.1999).[2]

Burl J.
Adams and Carla Kay Adams Bell were divorced in 1980 after 14 years of
marriage.  The trial court approved and
incorporated their agreement incident to divorce in its order of divorce dated
October 3, 1980.  The agreement provided
that Burl, as trustee for Carla, would:

[E]xecute such documents and instruments as
may be necessary and required to authorize, empower and direct the United
States Navy, or other agency of the United States Government responsible for
disbursement of such military retirement payments, to disburse to [Carla]
thirty-four (34%) percent of each payment made to [Burl] from the plan or plans.  The parties agree that the payments to
[Carla] from [Burl=s]
military retirement, as provided herein, shall become effective on October 1,
1980.

 








In May
1984, Carla filed a motion for contempt, alleging that Burl had failed to
direct the United States Navy to disburse 34 percent of Aeach payment made under his retirement plan@ to her. 
On November 19, 1984, the court found that Burl was Aguilty of separate violations@ of the divorce decree by failing Ato direct the United States Navy to disburse
thirty-four (34%) percent of each payment made under his retirement plan
directly to [Carla],@ that
he owed Carla $7,760.00 in past due retirement benefits, and that Burl was in
contempt of the court for each separate violation.  The court ordered punishment for each separate violation at
confinement in the county jail Afor a period of 3 days and for such period thereafter until said
Respondent shall have purged himself of his contempt by paying all arrearages.@[3]  The
court then suspended enforcement of its order on the condition that Burl pay
the $7,760.00 in monthly installments of $100.00 each, with the first
installment due on December 10, 1984, and the remaining installments due on the
10th of each month thereafter until the $7,760.00 was fully paid.  The order also directed Burl to direct the
appropriate agency of the United States government Ato disburse thirty-four (34%) percent of each
retirement payment presently accruing to Respondent@ to Carla=s bank account.  The direct
disbursement was to be accomplished no later than the next pay period. 

In July
1999, Burl filed a petition for clarifying order, seeking an order that the
divorce decree meant that Carla was only entitled to 34 percent of the
retirement payment to Burl on October 1, 1980. 
In her response, Carla attached a letter from the Department of Defense
which stated that she was entitled to $326.41 per month from Burl=s retirement pay but gave Burl 30 days to
contest the award by the Department of Defense.  Carla alleged that Burl had failed to contest the award, and she
stated that she had received one payment. 
Carla referred to the court=s 1984 judgment and its language referring to 34 percent of Aeach payment.@  She alleged that Burl had made
no payments, and she asked for a judgment for the original $7,760.00 plus 10
percent in annual interest from the date of the 1984 order.  Carla also moved the court to hold Burl in
contempt and commit him to jail until he purged himself of his contemptuous
behavior. 








At the
hearing, the parties agreed that there were no fact issues in dispute and that
the court could take judicial notice of the entire contents of the court=s file, including all prior proceedings.  In its final judgment dated August 7, 2001,
the court found that Burl had agreed in the 1980 divorce decree that 34 percent
of each payment made under his retirement plan would be disbursed directly to
Carla beginning October 1, 1980; therefore, the court denied Burl=s petition for a clarifying order on the
basis of res judicata.  In his appellate
brief, Burl does not complain about the trial court=s denial of his petition, and that portion of
the judgment is now final.  Even if Burl
had presented an issue regarding the court=s denial of his petition for clarifying order, the divorce decree
clearly stated that Carla was entitled to 34 percent of each military
retirement payment to Burl beginning with the October 1, 1980, payment.  The trial court correctly applied res
judicata because of the divorce decree. 
Baxter v. Ruddle, 794 S.W.2d 761, 762 (Tex.1990).

The court
further found that, on November 29, 1984, Burl was held in contempt for failure
to direct the United States Navy to disburse Carla=s percentage payments to her and that Burl
owed Carla $7,760.00 in unpaid retirement benefits previously awarded to
her.  The court then held in its 2001
order that Burl was:

[I]n contempt of this Court for his violation
of the Order of this Court and IT IS ORDERED that punishment for such violation
be and it is hereby assessed at confinement in the County Jail of Eastland
County, Texas, for a period of 3 days beginning at 3:00 o=clock p.m. on August 15, 2001, and thereafter
remain until BURL JAMES ADAMS has purged himself of his said contempt by paying
all of said arrearage sum of $7,760 directly to CARLA KAY ADAMS BELL.

 

The trial
court did not issue a commitment order with its 2001 contempt judgment, and
Burl=s liberty has not been restrained.  Contempt orders that do not involve
confinement cannot be reviewed by writ of habeas corpus, and the only possible
relief is a writ of mandamus.  In re
Long, supra at 625; Rosser v. Squier, 902 S.W.2d 962 (Tex.1995).  Dismissing an appeal from a contempt
judgment, the court in Cadle Company v. Lobingier, 50 S.W.3d 662, 671 (Tex.App.
B Fort Worth 2001, pet=n den=d), stated:








A contempt
judgment is reviewable only via a petition for writ of habeas corpus (if the
contemnor is confined) or a petition for writ of mandamus (if no confinement is
involved.  See [In re] Long, 984 S.W.2d
at 625.  Decisions in contempt
proceedings cannot be reviewed on appeal because contempt orders are not
appealable, even when appealed along with a judgment that is appealable.  Metzger v. Sebek, 892 S.W.2d 20, 55
(Tex.App. B Houston [1st Dist.] 1994, writ denied),
cert. denied, 516 U.S. 868, 116 S.Ct. 186, 133 L.Ed.2d 124 (1995); see also
Tex. Animal Health Comm=n v. Nunley, 647 S.W.2d 951, 952 (Tex.1983).

 

Thus, we are without
jurisdiction to review Burl=s complaints about the trial court=s 2001 contempt judgment.

This
Court=s Ruling

We dismiss
the appeal for want of jurisdiction.

 

TERRY
McCALL

JUSTICE

November 21, 2002

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

McCall, J., and Dickenson, S.J.[4]











[1]Military retirement benefits earned during marriage are
community property and are subject to division upon divorce.  Cameron v. Cameron, 641 S.W.2d 210, 213
(Tex.1982); Taggart v. Taggart, 552 S.W.2d 422 (Tex.1977). 





[2]Although the first contempt judgment was entered in
1984, Carla failed to take any action to enforce that contempt judgment until
November 2000.  Her failure to take
prompt action would appear to implicate TEX. CIV. PRAC. & REM. CODE ANN. ' 34.001 (Vernon 1997)(dormant judgments); a want of
prosecution, see Christian v. Christian, 985 S.W.2d 513 (Tex.App. B San Antonio 1998, no pet=n);
the 2-year statute of limitations, see TEX. CIV. PRAC. & REM. CODE ANN. ' 16.003 (Vernon 2002)(conversion of personal property);
or the 4-year statute of limitations, see TEX. CIV. PRAC. & REM. CODE ANN. ' 16.004 (Vernon 2002)(breach of fiduciary duty).





[3]To satisfy due process requirements, both a written
contempt judgment and a written commitment order are necessary to imprison a
person for civil constructive contempt of court.  See Ex parte Barnett, 600 S.W.2d 252, 256 (Tex.1980).  The contempt judgment may contain an order
of commitment.  Ex parte Linder, 783
S.W.2d 754 (Tex.App. B Dallas 1990, no pet=n).  The trial court has never issued a
commitment order with either its 1984 contempt judgment or the 2001 contempt
judgment.





[4]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland, sitting by assignment.