In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-158 CV


____________________



DAVID L. MONTGOMERY, Appellant



V.



TOM POPE AND POPE MONTGOMERY, ARCHITECTS AND 


BUILDERS, L.L.C., Appellees






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 02-07-04597-CV






MEMORANDUM OPINION (1)


 This is an appeal from a judgment of contempt in a civil case. The appellees, Tom
Pope and Pope Montgomery, Architects and Builders, L.L.C., obtained a judgment
awarding them a combined sum in excess of $1,000,000 against David L. Montgomery. 
Montgomery apparently did not appeal that judgment. The appellees subsequently obtained
a turnover order in which the trial court commanded Montgomery to turn over "All cash
in the control or possession" of the appellant and his former spouse. Montgomery did not
appeal that order either. On February 27, 2004, the trial court entered a judgment of
contempt in which the court finds that Montgomery "should have in his possession" but
failed to turn over the sum of $86,926.00. Montgomery contemporaneously filed with the
Court of Appeals both an original proceeding in habeas corpus and this appeal.

 The appellees, Tom Pope and Pope Montgomery, Architects and Builders, L.L.C.,
filed a motion to dismiss the appeal on the grounds that a contempt judgment is reviewable
only on a collateral attack designed to obtain specific relief for which the judgment stands
as a bar. See In re Long, 984 S.W.2d 623, 625 (Tex. 1999). In his response, Montgomery
argues that appellate review is his sole avenue through which to challenge the trial court's
finding that he has in his possession the specific sum of $86,926.00. In an opinion issued
today in the original proceeding, we hold that the "all cash" provision of the January 12,
2004, turnover order was not sufficiently specific to support contempt for failure to turn
over the sum of $86,926.00. In re Montgomery, No. 09-04-137 CV (Tex. App.-Beaumont
June 17, 2004, no pet. h.). Accordingly, the issue of whether the evidence supports the
finding that Montgomery has that sum is moot. See Williams v. Lara, 52 S.W.3d 171, 184
(Tex.2001)(If a controversy ceases to exist, the issues presented are no longer "live," or
the parties lack a legally cognizable interest in the outcome, the case becomes moot.). 
Obviously the underlying controversy between the parties has not been resolved, but the
particular controversy for which Montgomery has pursued an appeal from an order
generally subject only to collateral attack, however, is no longer in controversy because
of our ruling in the habeas corpus proceeding. 

 Accordingly, the appellees' motion to dismiss the appeal is granted, and the appeal
is dismissed.

 APPEAL DISMISSED.

 PER CURIAM

Opinion Delivered June 17, 2004 

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.