In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-344 CV


____________________



IN RE U.S. EXPLORATION, INC., AMERICAN FLUORITE, INC., GUS
VACUUM SERVICES, INC., and TRIAD DRILLING & SUPPLY, INC.





Original Proceeding






MEMORANDUM OPINION


 U.S. Exploration, Inc., American Fluorite, Inc., Gus Vacuum Supply, Inc., and Triad
Drilling & Supply, Inc. filed a petition for writ of mandamus. The relators seek to compel
the trial court to vacate part of a temporary restraining order. Unless it is extended for a
single fourteen-day period, the temporary restraining order will expire by its own terms on
August 14, 2008. See Tex. R. Civ. P. 680. A temporary injunction hearing is scheduled for
August 14, 2008. 

 The relators contend that the temporary restraining order requires payments in an
unspecified amount to the real party in interest, Cynthia Culliver, and argue that mandamus
relief is necessary because the order does not adequately inform them of the acts they are
ordered to perform before the temporary injunction hearing. Culliver also filed a motion for
contempt, but the trial court has not considered the motion, and relators have not requested
relief directly related to that motion.

 A temporary restraining order must set forth the reasons for its issuance, must be
specific in terms, and must describe in reasonable detail, and not by reference to the
complaint or other document, the act or acts sought to be restrained. Tex. R. Civ. P. 683. 
If, as the relators contend, the order signed by the trial court is too vague to be enforceable,
the relators will have an adequate remedy in the event the real party in interest pursues
enforcement. See In re Long, 984 S.W.2d 623, 625 (Tex. 1999). If the trial court grants or
refuses a temporary injunction, the parties will be able to pursue an accelerated appeal. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon 2008). Regardless, the
mandamus proceeding will become moot if the trial court enters a temporary injunction or
the restraining order expires. See Tex. R. Civ. P. 680. 

 Mandamus relief is appropriate only if the relators have no other adequate remedy. 
See In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004). After reviewing
the mandamus record and petition, we conclude that the relators failed to establish their
entitlement to mandamus relief. 

 Accordingly, the relators' motion for temporary relief and petition for writ of
mandamus are denied. 


 PETITION DENIED.

 PER CURIAM

Opinion Delivered August 13, 2008

Before Gaultney, Kreger, and Horton, JJ.