

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00098-CV

RONALD B. PALMER                                               APPELLANT

V.

NAKAYSONE JULIE                                              APPELLEE
PALMER

----------

## FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

In six issues, Appellant Ronald B. Palmer, pro se, appeals the trial court's amended order on petition for enforcement of spousal maintenance and its order of income withholding for spousal maintenance entered in favor of Appellee Nakaysone Julie Palmer. We dismiss the portion of the appeal pertaining to

---

[1]*See* Tex. R. App. P. 47.4.

contempt for want of jurisdiction, reverse the trial court's amended order on petition for enforcement of spousal maintenance, vacate its order of income withholding, and remand the case to the trial court for further proceedings.

## II. Factual and Procedural Background

In July 2010, Julie petitioned for enforcement of spousal maintenance based on the spousal maintenance provision in the parties' August 31, 2007 agreed decree of divorce. In her petition, Julie alleged that Ronald was in contempt of court for failing to pay spousal maintenance from January 1, 2009, to July 1, 2010, totaling $9,500, and she asked the court for her attorney's fees and costs and for an income withholding order for payment of the arrearages.

At the conclusion of the hearing on Julie's petition, the trial court found that of the nineteen months during which Ronald was in arrears, Julie was only entitled to seventeen months' spousal maintenance, a total of $8,500, and that Julie was entitled to $5,500 as the uncontroverted amount of her attorney's fees, as well as court costs. Ronald appealed the trial court's November 2010 order on the petition for enforcement and its income withholding order. The trial court subsequently rescinded both orders, and we dismissed the appeal as moot. *See Palmer v. Palmer*, No. 02-10-00424-CV, 2011 WL 167244, at *1 (Tex. App.—Fort Worth Jan. 13, 2011, no pet.) (mem. op.).

On February 18, 2011, the trial court signed another order on Julie's petition, again assessing $8,500 as Ronald's arrearages and $5,676 for Julie's attorney's fees and court costs but did not provide for income withholding.

2

Ronald filed a notice of appeal on March 14, 2011, and the next day, Julie filed a motion to clarify, seeking the trial court's ruling on her request for an income withholding order.

The trial court issued its amended order on petition for enforcement of spousal maintenance on March 31, 2011, again assessing $8,500 as Ronald's arrearages and $5,676 for Julie's attorney's fees and court costs, and finding Ronald in contempt for seventeen violations of the spousal maintenance provision of its August 2007 order. It also included the following in its order, "On this date[,] the Court authorized the issuance of an Order of Income Withholding for Spousal Maintenance. The amounts to be withheld from Respondent's disposable earnings are stated in that Order of Income Withholding for Spousal Maintenance, *which is wholly incorporated by reference into this order*." [Emphasis added.]

The trial court issued its order on income withholding for spousal maintenance on April 26, 2011. The order defined "arrearage" as "the total amount of past-due spousal maintenance, which is $8,500.00, *plus attorney's fees in the amount of $5,676.00*." [Emphasis added.] The trial court ordered Ronald's employer to withhold $500 per month from Ronald's earnings "until the arrearage *and attorney's fees have been paid in full*"—a total amount of $14,176. [Emphasis added.]

3

## III. Jurisdiction

### A. Contempt

In his first, second, and third issues, Ronald complains that the trial court lacked authority under the family code to enforce its spousal maintenance order by contempt and argues that the trial court erred by convicting him of contempt without notifying him of his rights and by holding a contempt hearing to enforce what "can only be an agreement between the parties approved by the Court."

A contempt judgment is reviewable only via a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved). *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied) (op. on reh'g) (citing *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (op. on reh'g)). Decisions in contempt proceedings cannot be reviewed on direct appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable, as here. *See id*. (citing *Metzger v. Sebek*, 892 S.W.2d 20, 55 (Tex. App.—Houston [1st Dist.] 1994, writ denied), *cert. denied*, 516 U.S. 868 (1995)); *see also In re Office of Att'y Gen. of Tex.*, 215 S.W.3d 913, 915 (Tex. App.—Fort Worth 2007, orig. proceeding) (explaining why contempt judgments are not appealable and must be attacked by petition for writ of habeas corpus or for writ of mandamus); *cf. Ex parte Casey*, 944 S.W.2d 18, 19, 21 (Tex. App.—Houston [14th Dist.] 1997, orig. proceeding) (granting relator's petition for writ of habeas corpus with regard to trial court's contempt order on failure to pay spousal maintenance). We cannot reach

Ronald's contempt-based complaints in this direct appeal, and we dismiss Ronald's first, second, and third issues for want of jurisdiction.

## B. Plenary Power

In his sixth issue, Ronald complains that the trial court erred by issuing a substantive change in its orders after its plenary power expired, complaining that the April 26, 2011 income withholding order was signed "at least sixty-six days following the [February 18, 2011] signing of the original Order for Enforcement of Spousal Maintenance."

When the trial court signed the February 18, 2011 order, it had plenary power until March 21, 2011. *See* Tex. R. Civ. P. 329b(a), (d). But when Julie filed her motion "for clarification or in the alternative, motion for new trial," on March 15, 2011, this further extended the trial court's plenary power. *See* Tex. R. Civ. P. 329b(a), (c), (e). The trial court's March 31 amended order on petition for enforcement of spousal maintenance superseded its February 18, 2011 order and provided for the issuance of the subsequent April 26 order of income withholding. *See B. & M. Mach. Co. v. Avionic Enters., Inc.*, 566 S.W.2d 901, 902 (Tex. 1978) (stating that subsequent judgment made during the trial court's plenary power "in effect, vacated the first judgment"); *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 386 (Tex. App.—Austin 2010, pet. denied) (stating that when the trial court signs an amended order, the original order becomes a nullity, and "[a]s the original judgment ceases to have legal effect, only the amended

5

judgment can support an appeal."); *see also* Tex. R. App. P. 27.3. Because the trial court acted within its plenary power, we overrule Ronald's sixth issue.

## IV. Arrearages

In Ronald's fourth issue, he complains that the state constitution and family code prohibit the trial court's categorizing Julie's attorney's fees as arrearages for purposes of wage garnishment. In his fifth issue, he argues that the income withholding order resulted in a substantial change to the amended order on petition for enforcement of spousal maintenance.

Article 16, section 28 of the state constitution provides that "[n]o current wages for personal service shall ever be subject to garnishment, except for the enforcement of court-ordered: (1) child support payments; or (2) spousal maintenance." Tex. Const. art. XVI, § 28. No provision in the family code allows for attorney's fees assessed in a proceeding to enforce unpaid spousal maintenance to be included in an income withholding order. *Compare* Tex. Fam. Code Ann. § 158.0051(a) (West 2008) (stating that in addition to an income withholding order for child support, including arrearages, the court may render an order "that income be withheld from the disposable earnings of the obligor to be applied towards the satisfaction of any ordered attorney's fees and costs resulting from an action to enforce child support under this title"), *with* Act of May 22, 2001, 77th Leg., R.S., ch. 807, § 1, sec. 8.059(e), 2001 Tex. Gen. Laws 1575, 1578 (stating that a court may enforce an order for spousal maintenance under this chapter by ordering garnishment of the obligor's wages or by any other

means available under this section), *repealed by* Act of May 18, 2011, 82nd Leg., R.S., ch. 486, 2011 Tex. Sess. Law. Serv. 1239, 1242, *and* Tex. Fam. Code Ann. § 8.058 (West 2006) ("A spousal maintenance payment not timely made constitutes an arrearage."), *and id*. § 8.102(a) (West 2006) (stating that the court may order that, in addition to income withheld for current spousal maintenance, income be withheld from the disposable earnings of the obligor to be applied toward the liquidation of any arrearages). And we have found no case law otherwise permitting the trial court to incorporate attorney's fees as arrearages in an income withholding order for spousal maintenance. *Cf. Tamez v. Tamez*, 822 S.W.2d 688, 691 (Tex. App.—Corpus Christi 1991, writ denied) ("Attorney's fees necessarily incurred for the collection of child support payments have long been held to be an essential part of the enforcement process.").

Because the trial court erred by including Julie's attorney's fees as arrearages in the income withholding order, and because the trial court incorporated the income withholding order by reference into its amended order on petition for enforcement of spousal maintenance, we sustain Ronald's fourth and fifth issues.[2]

---

[2]Julie filed a motion seeking an assessment of her attorney's fees and costs involved in this appeal against Ronald, arguing that his appeal is frivolous. Because we sustained Ronald's fourth and fifth issues, we deny Julie's motion.

## V.  Conclusion

We dismiss the portion of the appeal pertaining to Ronald's contempt complaints for want of jurisdiction.  And having overruled Ronald's sixth issue and sustained Ronald's fourth and fifth issues, we reverse the trial court's amended order on petition for enforcement of spousal maintenance, vacate the income withholding order, and remand this case to the trial court for further proceedings.

PER CURIAM

PANEL:  MCCOY, GARDNER, and MEIER, JJ.

DELIVERED:  April 5, 2012