**Order entered February 22, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-08-00615-CV

---

**LEE C. RITCHIE, as Director of Rupe Investment Corporation and as Trustee for the Dallas Gordon Rupe Trust, PAULA RUPE DENNARD, as Director of Rupe Investment Corporation and as Trustee for the Dallas Gordon Rupe Trust and as Trustee for the Paula Dennard Management Trust, DENNIS LUTES, as Director of Rupe Investment Corporation and as Trustee for the Paula Dennard Management Trust, and RUPE INVESTMENT CORPORATION, Appellants**

**V.**

**ANN CALDWELL RUPE, As Trustee
For The Dallas Gordon Rupe, III 1995 Family Trust, Appellee**

---

**On Appeal from the 44th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 06-06944**

---

## ORDER

Before the Court is appellants' rule 24.4 motion to release supersedeas bond and cash deposits, appellee's response, and appellants' reply. Appellants seek review of the trial court's January 15, 2013 order denying their renewed motion to release the supersedeas bond and cash deposits suspending enforcement of the trial court's judgment. We have jurisdiction to consider motions under rule 24 even after our plenary power has expired. *See* Tex. R. App. P. 19.3(d), 24.4(a).[1]

---

[1] Appellee argues we do not have jurisdiction over this motion under rule 24. However, appellants request us, in the alternative, to treat this motion as a petition for a writ of mandamus.

On March 28, 2011, we rendered judgment affirming in part, reversing and rendering in part, and reversing and remanding in part the trial court's judgment. Our judgment awarded appellants their costs on appeal and discharged the obligations of the surety on appellants' supersedeas bond. *See* TEX. R. APP. P. 43.5; *Edlund v. Bounds*, 842 S.W.2d 719, 732 (Tex. App.—Dallas 1992, writ denied) (discharging surety where judgment affirmed in part, modified and rendered, and reversed and remanded for new trial on counterclaim). The Texas Supreme Court granted appellants' petition for review and the case remains pending in that court. *See Ritchie v. Rupe*, No. 11-0447 (Tex. pet. granted Oct. 26, 2012). The mandate has not yet issued. *See* TEX. R. APP. P. 18.1.

Appellants argue that because appellee has not filed a petition for review seeking review of this Court's reversal of the damage award, security for the amount of the damage award serves no purpose and is an unjustified burden on appellants.

The condition of liability for a supersedeas bond or deposit in lieu of a bond under rule 24.1(d)(2) binds the surety or deposit to liability for all damages and costs that may be awarded against the debtor if "the debtor does not perform an adverse judgment final on appeal." TEX. R. APP. P. 24.1(d)(2). The condition of liability in the trial court's orders granting appellee's motions to increase security pending appeal mirrors the requirement of rule 24.1(d)(2), as does the language of appellants' supersedeas bond, which binds the surety to pay if "Rupe Investment Corporation does not perform an adverse judgment of the court of appeals or, if a Petition for Review is filed, of the Texas Supreme Court."

While the supersedeas bond is not expressly conditioned on a judgment "final on appeal," it is conditioned on a failure to perform an adverse judgment of the Texas Supreme Court "if a Petition for Review is filed." A petition has been filed, but the supreme court has not yet rendered a judgment. Thus, the conditions of the bond and the deposit have yet to be satisfied or

extinguished.

Appellants' argument is that security for the amount of the damage award serves no purpose and should therefore be set aside. A similar argument was rejected by the supreme court in *In re Long*, 984 S.W.2d 623, 626 (Tex. 1999) (orig. proceeding) (per curiam). In that case, the trial court had enjoined the district clerk from collecting certain filing fees and that injunction was modified by the court of appeals. *Id.* at 625. After writ of error was denied by the supreme court, the trial court held the clerk in contempt for continuing to collect the filing fees during the time after the court of appeals overruled the motion for rehearing in the court of appeals and before the mandate issued. *Id.* The appellant argued that because the clerk did not appeal the judgment of the court of appeals, he should have known the terms of the injunction would not change and he should be held in contempt for violating the injunction from the time his motion for rehearing was denied. *Id.* at 626. The supreme court disagreed: "Absent an order to the contrary by the trial court or an appellate court, the Clerk could not be held in contempt for violating the injunction until all appeals relating to the judgment were exhausted and a mandate enforcing the injunction was issued." *Id.* Additionally, one commentator has concluded there is no authority to modify security on appeal based on the court of appeals' judgment while review is still pending in the supreme court. 5 ROY W. MCDONALD & ELAINE A. GRAFTON CARLSON, TEXAS CIVIL PRACTICE § 30:20 (2nd ed. 1999 & Supp. 2012).[2]

---

[2]The authors reason as follows:

> However, there is no authority that empowers the trial court to order an increase or decrease in appellate security premised upon an appellate court judgment when that judgment is subject to further appellate review, and no mandate has issued.
>
> . . .
>
> Until a final adverse judgment on appeal is rendered, the security continues to serve to supersede the trial court's judgment. An appealable judgment, which by its nature may not be enforced until completion of the appellate process, is not a changed circumstance that would support trial court modification of appellate security. To hold to the contrary, would be inconsistent with not only one final judgment principles but also with the clear directive that an appellate judgment is not enforceable unless a mandate has issued and no further appellate review

Similarly, this Court's judgment is subject to further review because a petition for review has been granted by the supreme court. Normally, the appellate court judgment is not subject to enforcement until the mandate issues. *See* TEX. R. APP. P. 51.1(b) ("When the trial court clerk receives the mandate, the appellate court's judgment must be enforced."); *In re Long*, 984 S.W.2d at 626; 5 MCDONALD & CARLSON, *supra*, § 30:51. The mandate is a formal command requiring the lower court to comply with the appellate court's judgment and the trial court has no option but to observe and carry out the appellate court's mandate. *Cessna Aircraft Co. v. Aircraft Network, LLC¸* 345 S.W.3d 139, 144 (Tex. App.—Dallas 2011, no pet.).

We recognize that "[w]hether, as a general matter, an appellate court's decision takes effect the moment the court issues its opinion, order, or judgment, or later when rehearing is denied or the time for rehearing expires, or still later when the clerk issues the mandate, is a difficult question under Texas law and procedure." *Edwards Aquifer Auth. v. Chem. Lime, Ltd.*, 291 S.W.3d 392, 393 (Tex. 2009). However, we conclude the judgment is not "final on appeal" until the mandate has issued. *See* TEX. R. APP. P. 18.1, 51.1(b); *In re Long*, 984 S.W.2d at 626; *Cessna*, 345 S.W.3d at 144. But even if the judgment is final when the time for filing a motion for rehearing of *the supreme court's judgment* has expired, that time has not yet come. The judgment in this case cannot become final until the supreme court decides the case or takes further action.

Finally, appellants ask us to issue a partial mandate over the portion of the judgment not subject to a petition for review in the supreme court. Appellants cite rule 18.1(c), but do not explain how that rule permits the clerk of the Court to issue a mandate that is not "in accordance with the judgment" as required by rule 18.1. TEX. R. APP. P. 18.1. Rule 18.1(c) permits the

is sought. A trial court empowered to increase appellate security requirements when no court of appeals mandate has issued and Texas Supreme Court review is pending, would, in effect, have the ability to enforce the appealable judgment.

mandate to issue *earlier* than specified in the rule by agreement of the parties or for good cause shown, but it does not permit the clerk to issue a mandate for part of the judgment. *Id*. 18.1(c). Appellants quotes from *Cobb v. Robertson*, 87 S.W. 1148, 1149 (Tex. 1905) that an appellate court can "issue mandate upon all parts of its judgment not involved in this proceeding." *Cobb* was an opinion on rehearing in a complex trespass to try title case where the court had originally determined to remand for a new trial. *Id.* On rehearing however, the court determined that it would be appropriate to reverse and render judgment as to the parties to the writ of error. *Id.* The court noted that some parties did not join in the writ of error and that portions of the trial court's and court of civil appeals's judgment were not affected by the action of the supreme court. *Id.* The *Cobb* opinion does not support the issuance of a partial mandate in this case.

While the supreme court mentioned early issuance of the mandate as one option in *In re Long*, 984 S.W.2d at 626, it did not suggest that a mandate could issue for part of the judgment. Given that the supreme court has granted a petition for review in this case, it would be inappropriate to issue this Court's mandate before the supreme court's decision. *See* TEX. R. APP. P. 18.1.

The motion is **DENIED**.[3]

/s/Jim Moseley/

JIM MOSELEY
JUSTICE

---

[3]Were we to treat this motion as a petition for a writ of mandamus as requested in the alternative by appellants, we would conclude the record does not show the trial court clearly abused its discretion by denying the renewed motion. *See* TEX. R. APP. P. 52.8(a).