COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name: Edwin K. Hunter and Hunter, Hunter & Sonnier, LLC v. Preston Marshall, Individually and Rusk Capital Management, L.L.C.

Appellate case number: 01-16-00636-CV

Trial court case number: 2015-35950

Trial court: 11th District Court of Harris County

Appellants, Edwin K. Hunter and Hunter, Hunter & Sonnier, LLC (collectively "Hunter Parties"), previously filed an emergency motion for stay, which we granted in part and denied in part. Pursuant to our September 1, 2016 order, we stayed the pretrial proceedings, including discovery, as to the Hunter Parties in cause no. 2015-35950, *Preston Marshall, Individually, and Rusk Capital Management, L.L.C. v. MarOpCo, Inc., E. Pierce Marshall, Jr., Edwin K. Hunter, Hunter, Hunter & Sonnier, LLC, and Trof, Inc.*, in the 11th District Court of Harris County, pending resolution of the appeal or further order of this Court.

On December 20, 2018, this Court issued a memorandum opinion affirming the trial court's order and dismissing all pending motions as moot. Neither party filed a motion for rehearing, motion for en banc reconsideration, or a petition for review in the Texas Supreme Court. *See* TEX. R. APP. P. 49, 53.

On February 7, 2019, appellees, Preston Marshall and Rusk Capital Management, L.L.C., filed a "Motion to Lift Stay," requesting that this Court "lift the stay of discovery in this matter." Appellees stated in their motion that the Hunter parties did not "jointly move to lift the stay of discovery" because they believed that "it was necessary for the Court to first issue [its] mandate, which they expected 'w[ould] happen pretty swiftly.'" On March 7, 2019, our mandate issued. *See* TEX. R. APP. P. 18.1(a), 19.3.

Accordingly, we **dismiss** appellees' Motion to Lift Stay. *See In re Long*, 984 S.W.2d 623. 626 (Tex. 1999) (orig. proceeding); *see also Edwards Aquifer Auth. v. Chem. Lime, Ltd.*, 291 S.W.3d 392, 415 n.19 (Tex. 2009) (Willett, J., concurring) (listing cases

establishing that issuance of mandate renders judgment final); *In re Newsome*, No. 14-13-00451-CV, 2013 WL 2457116, at \*2 (Tex. App.—Houston [14th Dist.] June 6, 2013, orig. proceeding) ("An appeal is final when the court of appeals issues its mandate.").

It is so ORDERED.


Judge's signature: _/s/ Justice Julie Countiss_____

                 x  Acting individually      ☐  Acting for the Court

Date: __March 7, 2019__