**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00074-CV**

_____

**IN RE MARK ATHANS**

---

**Original Proceeding**
**County Court at Law No. 3 of Montgomery County, Texas**
**Trial Cause No. 18-01-01228-CV**

---

**MEMORANDUM OPINION**

By statute, Texas law provides "[a] marriage is void if entered into when either party has an existing marriage to another person that has not been dissolved by legal action or terminated by the death of the other spouse."[1] In this original proceeding, the relator (Mark Athans) contends in his petition seeking mandamus relief that the trial court abused its discretion by enforcing the decree in his divorce from Charity Athans and holding him in contempt because he intentionally refused to comply with

---

[1] Tex. Fam. Code Ann. § 6.201.

1

the terms of the decree. According to Mark, while hearing Charity Athans's motion to enforce the property division provisions in their final decree, the trial court abused its discretion by

- excluding his evidence showing Charity was already married when she married him;
- refusing to recognize the decree providing for his divorce is void;
- enforcing a void decree;
- relying on Charity's argument claiming Mark waived his right to raise a claim of bigamy by failing to have pleaded the defense before the trial court signed the decree in their divorce;
- concluding he could not argue the decree in their divorce was void because he raised the defense of bigamy in a motion for new trial following their divorce but then allowed the decree to become final by failing to follow through with his appeal.

We conclude that, by refusing to admit the evidence Mark offered to support his defense that Charity was married to another when they married, the trial court abused its discretion when it decided Charity's motion to enforce. Consequently, we conditionally grant Mark's request for mandamus relief from the order at issue here.

## Background

Mark and Charity married in August 2017. In January 2019, Mark sued Charity for divorce. In March 2019, the trial court signed a final decree dividing the parties' martial estate. Among other things, the decree provides Mark must pay Charity the sum of $40,000 on or before April 12, 2019.

2

In April 2019, Mark moved for a new trial. In his motion, Mark alleged that he discovered Charity had been arrested and charged with bigamy shortly after the court signed the decree. Mark also claimed that, during the divorce proceedings, Charity had lied about her prior marriages in her deposition. After considering the evidence Mark attached to his motion for new trial, the judge who granted the divorce denied Mark's motion for new trial. Mark perfected an appeal from the judgment of divorce. In June 2019, while the case was on appeal, the judge who signed the decree signed an order granting Charity's request for temporary support pending the outcome of Mark's appeal. The temporary order required Mark to pay Charity $15,000 in temporary and retroactive support by July 1, 2019. The day after the support payment became due, Mark moved to dismiss his appeal. In July 2019, this Court granted Mark's request and dismissed his appeal.[2]

In July 2019, Charity filed a petition to enforce the decree of divorce and the temporary order for support. In her petition, Charity alleged Mark had not complied with the court's orders because he failed to pay the sums the court required from Mark by the required deadlines set out therein. In Charity's motion, she asked the trial court to find Mark in contempt and to send him to jail. Mark answered the

---

[2] *Athans v. Athans*, No. 09-19-00152-CV, 2019 WL 3330591, at *1 (Tex. App.—Beaumont July 25, 2019, no pet.) (mem. op.).

3

petition to enforce, alleging the trial court could not enforce the decree because Charity was married to another man when she married him. Mark argued that Charity could not legally marry him and that fact rendered "the parties' purported marriage [] void and of no legal effect under Texas law[.]"

The court tried the enforcement action in January 2020. Following the trial, the trial court found Mark in contempt and sentenced him to five days in jail. Then, the trial court suspended Mark's sentence and placed him on community supervision for twenty-four months, conditioning Mark's community supervision on his paying Charity $25,000 in monthly installments[3] and paying Charity $9,000 in retroactive spousal support.

Several days later, the trial court provided the parties with written findings, which explain the court's rulings. They reflect the trial court found the evidence Mark offered during the hearing the court held on Charity's motion to enforce inadmissible because the court viewed Mark's evidence as irrelevant because it was offered to support an affirmative defense that collaterally attacked the validity of the trial court's decree granting the divorce. The trial court also found that it had subject

---

[3] For the property division amounts awarded in the decree, the order enforcing the decree requires the obligation to be discharged at the rate of $1,500 per month. The trial court required Mark to pay the retroactive-spousal-support awarded in the temporary order by March 2, 2020.

matter jurisdiction over the divorce action and that Mark invoked the court's jurisdiction by suing Charity for a divorce. Finally, the court's findings reflect that Mark could not, in defending against Charity's motion to enforce, collaterally attack the validity of a final decree.

## Analysis

A claim that a marriage is void from its inception may be raised in collateral proceedings.[4] To our knowledge, no court has held that an allegedly void marriage cannot be raised as a defense in a motion seeking to enforce an allegedly void decree. A trial court's order of contempt "is void if it is beyond the power of the court or violates due process."[5] Here, by excluding Mark's evidence, the trial court deprived Mark of the opportunity to present evidence to support his claim that he did not willfully violate the decree and the trial court's temporary order of support pending the appeal that Mark voluntarily dismissed.

Since at least 1877, the rule in Texas has been that "[w]hen, however, the judgment is not merely erroneous, but an absolute nullity, it can have no binding force or effect either in the tribunal in which it is rendered, or in any other in which

---

[4] Tex. Fam. Code Ann. § 6.307(a).
[5] *In re Office of Attorney Gen.*, 422 S.W.3d 623, 628 (Tex. 2013) (orig. proceeding).

5

it may be brought in question."[6] Given that a statute enacted by the legislature arguably renders the marriage at issue void, Mark had the right to defend against Charity's petition to enforce by pleading and proving they were never legally married.[7] Because the trial court excluded the evidence relevant to Mark's defense challenging the validity of the marriage, we hold the trial court abused its discretion by excluding the evidence Mark offered to support his claim Charity was purportedly married to another when she married him.

We further conclude mandamus is the only remedy available to cure the trial court's error. Under Texas law, the validity of a judgment declaring a person in contempt may be attacked by filing a writ of mandamus when the order of contempt does not involve confinement.[8] Currently, Mark is on community supervision under the trial court's order of contempt. And after Mark filed his petition, this Court stayed all proceedings in the trial court pending our resolution of his petition for mandamus relief. For those reasons, Mark is not currently in jail even though he is

---

[6] *Milam Cty. v. Robertson*, 47 Tex. 222, 232 (1877).

[7] *See In re Campbell*, No. 01-17-00251-CV, 2017 WL 3598251, at *3 (Tex. App.—Houston [1st Dist.] Aug. 22, 2017) (orig. proceeding) (mem. op.).

[8] *See In re Reece*, 341 S.W.3d 360, 374 (Tex. 2011) (explaining mandamus was available where "the relator's liberty interests are threatened without a remaining procedural safeguard for challenging his confinement"); *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (explaining that "[c]ontempt orders that do not involve confinement cannot be reviewed by writ of habeas corpus, and the only possible relief is a writ of mandamus").

currently in violation of the payment deadlines stated in the trial court's order of contempt.

Mandamus lies to address a party's complaint about the trial court's exclusion of evidence when there is no remedy by appeal.[9] Under the circumstances presented here, we conclude mandamus should issue because the court clearly abused its discretion and Mark has no adequate remedy by appeal.[10] Nonetheless, we conclude we need only conditionally issue the writ and direct the trial court to vacate its order holding Mark in contempt.

For the reasons explained above, we conditionally grant Mark's petition. We are confident the trial court will vacate the order the court signed holding Mark in contempt and placing him on community supervision. The writ shall issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on March 13, 2020
Opinion Delivered April 9, 2020

Before Kreger, Horton and Johnson, JJ.

---

[9] *See Campbell*, 2017 WL 3598251, at *3.
[10] *See Long*, 984 S.W.2d at 625.