

# NUMBER 13-25-00026-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE MELISSA LOZANO

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Silva[1]**

Melissa Lozano[2] filed a pro se pleading in this Court through which she asserts

that the trial court erred by issuing an order rendered on January 22, 2025, finding her in

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] It appears that this pleading was prepared and signed by Tomas L. Morales on behalf of Melissa Lozano. We caution against the unauthorized practice of law. *See, e.g.*, TEX. GOV'T CODE ANN. § 81.101–.102 (defining the unauthorized practice of law); TEX. PENAL CODE ANN. § 38.123 (explaining that the unauthorized practice of law constitutes an offense under the penal code); *Crain v. The Unauthorized Practice of Law Comm. of the Sup. Ct. of Tex.*, 11 S.W.3d 328, 332–34 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (stating that a person who is not a licensed attorney may not represent other persons in legal matters). Given our disposition of this matter, we need not address this issue further in this proceeding.

contempt of court and ordering her to be incarcerated. We construe Lozano's pleading as a petition for writ of mandamus and deny relief.

It is well established that an order of contempt is not appealable. *See In re Janson*, 614 S.W.3d 724, 727 (Tex. 2020) (per curiam) (orig. proceeding). If a contemnor has been confined or subject to conditions which constitute a sufficient restraint on liberty, a contempt order is reviewed by petition for writ of habeas corpus. *See In re Reece*, 341 S.W.3d 360, 370 (Tex. 2011) (orig. proceeding); *In re B.G.B.*, 580 S.W.3d 310, 315 (Tex. App.—Tyler 2019, orig. proceeding). In contrast, if a contempt order does not involve confinement or some type of restraint on liberty, the proper vehicle to challenge the order is a petition for writ of mandamus. *In re Janson*, 614 S.W.3d at 727; *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (per curiam); *In re Mittelsted*, 661 S.W.3d 639, 647 (Tex. App.—Houston [14th Dist.] 2023, orig. proceeding).

In either case, the relator bears the burden to establish the right to relief. See *In re Luther*, 620 S.W.3d 715, 721 (Tex. 2021) (orig. proceeding) (per curiam) (habeas); *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam) (mandamus). And in either case, the relator's petition must comply with the requirements of Texas Rule of Appellate Procedure 52. *See* TEX. R. APP. P. 52; *In re Norvell*, 610 S.W.3d 598, 599 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (per curiam) (mandamus); *In re Serrano*, 482 S.W.3d 134, 135 (Tex. App.—El Paso 2015, orig. proceeding) (habeas corpus). In addition to other requirements, the relator "must state concisely all issues or points presented for relief," include a statement of facts "supported by citation to competent evidence included in the appendix or record," and provide "a clear and concise argument for the contentions made, with appropriate citations to

authorities and to the appendix or record." *See generally* Tᴇx. R. Aᴘᴘ. P. 52.3 (delineating the form and contents for an original petition), 52.3(k) (listing the required contents for the appendix), 52.7(a) (providing the required contents for the record).

The Court, having examined and fully considered Lozano's pleading and the applicable law, is of the opinion that Lozano has not met her burden to obtain relief. In this case, she has not filed an appropriate petition, appendix, or record in support of her claim for relief. Accordingly, we deny her request for relief without prejudice.

CLARISSA SILVA
Justice

Delivered and filed on the
31st day of January, 2025.