# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00440-CV

---

**In re Gabriela Macias**

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

## M E M O R A N D U M   O P I N I O N

Gabriela Macias seeks mandamus relief from a contempt order that states the burden of proof that the trial court applied in ruling on the contempt claim. That burden, however, was a lesser one than what the court needed to apply. We thus conditionally grant relief.

## BACKGROUND

Macias was sued by her sister-in-law, Marisela Godinez, who is a real party in interest here, and they resolved the suit by an Agreed Judgment and Injunction signed by the trial court. The Agreed Judgment and Injunction prohibits Macias from videoing or otherwise surveilling Godinez from any distance.

The month after its rendition, Godinez sought enforcement of the Agreed Judgment and Injunction, moving for contempt and alleging in the motion that Macias had violated the Agreed Judgment and Injunction in several ways. One of the acts alleged was that Macias had videoed or surveilled Godinez.

At the evidentiary hearing on the motion, both Godinez's counsel and Macias's referenced the burden of proof of beyond a reasonable doubt. After the hearing, the trial court,

ruling partially in Godinez's favor, issued an Order Granting in Part Plaintiff's Motion for Enforcement and Contempt (the Order). Although the court in the Order denied some of the relief sought by Godinez, it also ruled—expressly, "by a preponderance of the evidence"—that Macias had willfully and intentionally violated the part of the agreed injunction prohibiting videoing or surveilling Godinez. The court thus ordered Macias to pay a $500 fine, without conditioning the fine in any way. Also in the Order, the court warned Macias that further violations of the Agreed Judgment and Injunction could result in confinement in jail. Macias now seeks mandamus relief.[1]

## DISCUSSION

Macias seeks mandamus relief from the portions of the Order involving holding her in contempt and imposing the fine. She argues that because the trial court used the wrong burden of proof for the kind of contempt proceeding and remedy involved here, the Order must be corrected by mandamus. When, as here, a contempt order imposes a fine but no confinement, "the only possible relief is a writ of mandamus." *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (per curiam). In such a mandamus proceeding, "the contemnor [must] show that the trial court abused its discretion." *In re Janson*, 614 S.W.3d 724, 727 (Tex. 2020) (orig. proceeding) (per curiam).

Macias argues that the type of contempt remedy at issue here is criminal. Contempt may be civil or criminal. *In re Jensen*, No. 03-20-00207-CV, 2020 WL 4462803, at *2 (Tex. App.—Austin July 15, 2020, orig. proceeding) (mem. op.). Civil contempt is remedial and coercive—the remedy there is conditioned on the contemnor's obedience to the court's order, and so the contemnor "holds the key to his release." *Id.* The order for a civil-contempt remedy thus

---

[1] We asked Godinez to respond to the mandamus petition, but she elected not to.

will often say that the remedy will be imposed *unless* the contemnor ceases the prohibited conduct or comes into compliance with the court's orders, as the case may be.

By contrast, criminal contempt is punitive—the contemnor is being punished for some completed act that offends the dignity and authority of the court. *Id.* Criminal contempt thus typically involves punishment without regard for the contemnor's performance of any future act. *Id.* Because the Order punishes Macias without conditioning the punishment on whether she performs some future act or otherwise comes into compliance with the court's orders, the Order imposes a criminal-contempt remedy. *See id.*

Macias then argues that for the kind of contempt for which this criminal remedy was imposed, she was entitled to the protection of the burden of proof of beyond a reasonable doubt. The process due in a particular contempt adjudication depends on the type of contempt charged. *Id.* Contempt in this sense is either "direct"—it occurred in the court's presence—or "constructive"—it occurred outside the court's presence. *Id.* Because Macias's alleged underlying conduct was videoing or surveilling Godinez and no evidence shows that the conduct occurred in the court's presence, the contempt at issue here is constructive. *See id.*

Constructive contempt enforced by a criminal remedy calls for heightened procedural safeguards, among which is that the movant must prove the violation beyond a reasonable doubt. *See Janson*, 614 S.W.3d at 727; *In re Kozinn*, No. 03-23-00748-CV, 2024 WL 2855077, at \*2 (Tex. App.—Austin June 6, 2024, orig. proceeding [mand. denied]) (mem. op.); *Jensen*, 2020 WL 4462803, at \*3–4. When a contempt order expresses that the court has applied a particular burden of proof but the particular burden is a lesser one than is required, the court has abused its discretion, and mandamus issues to ensure that the unlawful order is vacated. *See Jensen*, 2020 WL 4462803, at \*3–4.

Here, the requisite burden of proof was beyond a reasonable doubt because the Order imposed a criminal remedy for a constructive contempt. Yet the Order says that the trial court found Macias's violation only "by a preponderance of the evidence." The court thus abused its discretion in the Order, and because Macias lacks any appellate remedy, we conditionally grant her mandamus relief. *See Janson*, 614 S.W.3d at 728; *Jensen*, 2020 WL 4462803, at *4.

## CONCLUSION

We direct the trial court to vacate the portions of its Order Granting in Part Plaintiff's Motion for Enforcement and Contempt in which the court (a) ruled that Macias violated the Agreed Judgment and Injunction, (b) ruled that Macias committed a willful and intentional violation constituting disobedience of the injunction and contempt of court, (c) ordered Macias to pay the fine, and (d) ruled

> that further violations of the permanent injunction as set forth in the Agreed Judgment and Injunction may result in the imposition of additional punishment as set forth in the Texas Government Code Section 21.002, including confinement in jail for up to six months for each violation, in order to ensure compliance with the permanent injunction as set forth in the Agreed Judgment and Injunction.

(Italics removed.) We are confident that the court will comply with this opinion, and the writ will issue only if the court does not.

_____
Chari L. Kelly, Justice

Before Justices Triana, Kelly, and Theofanis

Filed: July 30, 2025

4