ACCEPTED
03-15-00528-CV
6736273
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/1/2015 8:39:23 AM
JEFFREY D. KYLE
CLERK

## No. 03-15-00528-CV

## In the Third Court of Appeals
## Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/1/2015 8:39:23 AM
JEFFREY D. KYLE
Clerk

**TEXAS EDUCATION AGENCY AND MICHAEL WILLIAMS, COMMISSIONER OF EDUCATION, IN HIS OFFICIAL CAPACITY,**

*Appellants*

v.

**ACADEMY OF CAREERS AND TECHNOLOGIES, INC. D/B/A ACADEMY OF CAREERS AND TECHNOLOGIES CHARTER SCHOOL,**

*Appellee*

ACCELERATED APPEAL FROM CAUSE NO. D-1-GN-15-002879
200TH JUDICIAL DISTRICT COURT OF TRAVIS COUNTY, TEXAS

### APPELLEE'S MOTION TO DISMISS ACCELERATED APPEAL FOR WANT OF JURISDICTION

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellee Academy of Careers and Technologies, Inc. d/b/a Academy of Careers and Technologies Charter School files this motion asking the Court to dismiss this appeal for want of jurisdiction.

1.    Appellants are the Texas Education Agency and Michael Williams, Commissioner of Education (collectively "TEA"). Appellee is the Academy of

Careers and Technologies, Inc. d/b/a Academy of Careers and Technologies Charter School ("ACT").

2.    On August 21, 2015, TEA filed a notice of accelerated appeal to challenge an order—purportedly signed the same date—denying its plea to the jurisdiction and granting a temporary injunction. *See* Exhibit A. In a docketing statement filed four days later, TEA again claimed to be appealing an order signed on August 21, 2015.

3.    ACT's undersigned counsel was not involved in the proceedings below. From reviewing the district court's file and communicating with the trial judge's staff, the undersigned has learned that no order granting a temporary injunction or denying a plea to the jurisdiction was signed on August 21, 2015 or afterward through the date of this filing.[1] Thus, this appeal is premature. A prematurely filed notice of appeal has no effect until the appellate deadline is triggered and therefore does not vest this Court with jurisdiction. *See* TEX. R. APP. P. 25.1(b), 27.1(a).

4.    Ordinarily, the Court might allow an appellant time to cure this sort of jurisdictional defect. *See, e.g., Smith Cnty. v. Popovac*, No. 12-11-00329-CV, 2011 WL 6119266, at *1 (Tex. App.—Tyler Dec. 7, 2011, no pet.) (mem. op.)

---

[1]    The appellate record was due on August 31, 2015. Based on these observations, the record is not expected to contain the order TEA is purportedly appealing.

(dismissing appeal from purported denial of plea to jurisdiction when trial court had not yet memorialized its ruling in writing and appellant could not cure defect). But the Court should not follow that course here. By asserting that appellate jurisdiction has attached—incorrectly and perhaps even deliberately so—TEA seeks to prevent the trial court from taking any further action while the case is on appeal.[2] *See* Exhibit A at 2 (asserting that alleged temporary injunction is automatically stayed while appeal remains pending and that, by virtue of purported challenge to denial of its jurisdictional plea, all proceedings before trial court are stayed pending resolution of appeal). *Compare In re State Bd. For Educator Certification*, 452 S.W.3d 802, 808-10 (Tex. 2014) (orig. proceeding) (holding that governmental entity's notice of appeal does not deprive trial court of discretion to deny supersedeas), *with In re Tex. Educ. Agency*, 441 S.W.3d 747, 750 (Tex. App.—Austin 2014, orig. proceeding [mand. denied]) (holding that district court abused discretion by holding hearing and granting charter schools' motion to deny supersedeas after TEA filed notice of appeal and invoked statutory stay that attaches when trial court denies plea to jurisdiction). This Court should not allow TEA to create a perception in the trial court or elsewhere that its premature notice of accelerated appeal could have such an effect.

---

[2]     Ironically, if TEA is correct and the proceedings below are already stayed, then the trial court arguably lacks the ability to sign the very order TEA has prematurely sought to appeal.

3

## CONCLUSION AND PRAYER

Appellee respectfully requests that the Court grant this motion and dismiss this appeal for want of jurisdiction. Appellee requests all other appropriate relief to which it is entitled.

Respectfully submitted,

SMITH LAW GROUP LLLP
1250 Capital of Texas Highway South
Three Cielo Center, Suite 601
Austin, Texas 78746
(512) 439-3230
(512) 439-3232 (fax)

By: _/s/D. Todd Smith_
     D. Todd Smith
     State Bar No. 00797451
     todd@appealsplus.com

*Counsel for Appellee, Academy of Careers and Technologies, Inc. d/b/a Academy of Careers and Technologies Charter School*

## CERTIFICATE OF CONFERENCE

In compliance with Texas Rule of Appellate Procedure 10.1(a)(5), I certify that I attempted to confer with Erika Laremont, lead appellate counsel for Appellants, but was unable to reach her before filing this motion. Given the relief requested, appellee presumes the motion would be opposed.

_/s/D. Todd Smith_
D. Todd Smith

4

# CERTIFICATE OF SERVICE

On September 1, 2015, in compliance with Texas Rule of Appellate Procedure 9.5, I served this document by e-service, e-mail, facsimile, or mail to:

Erika M. Laremont
erika.laremont@texasattorneygeneral.gov
Assistant Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548

*Counsel for Appellant*

*/s/ D. Todd Smith*
D. Todd Smith

CAUSE NO. D-1-GN-15-002879

| | | |
|---|---|---|
| ACADEMY OF CAREERS AND TECHNOLOGIES INC. d/b/a ACADEMY OF CAREERS AND TECHNOLOGIES CHARTER SCHOOL<br>    *Plaintiff*, | §<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | 98th JUDICIAL DISTRICT |
| TEXAS EDUCATION AGENCY and MICHAEL WILLIAMS in his Official Capacity as the Commissioner of Education<br>    *Defendants.* | §<br>§<br>§<br>§<br>§ | TRAVIS COUNTY, TEXAS |

## DEFENDANTS' NOTICE OF ACCELERATED APPEAL AND NOTICE OF AUTOMATIC STAY

TO THE HONORABLE DISTRICT COURT JUDGE:

Defendants the Texas Education Agency and Michael L. Williams, Commissioner of Education, in his Official Capacity, ("Defendants") file this Notice of Accelerated Appeal of the Court's Order of the 200th District Court of Travis County, the Honorable Gisela D. Triana presiding, signed August 21, 2015, in the above-referenced cause of action which denied Defendants' Plea to the Jurisdiction and granted Plaintiff's temporary injunction.

Defendants are entitled to this interlocutory appeal pursuant to TEX. CIV. PRAC. & REM CODE REM. CODE § 51.014(a)(4) and (8), which allows appeal from a district court's interlocutory order granting a temporary injunction or order denying a governmental unit's plea to the jurisdiction.

This appeal involves issues similar to those raised in two other matters involving three charter schools—American Youthworks Charter School, Honors Academy, and Azleway Charter

## Exhibit A

School —which are currently on appeal in the Court of Appeals for the Third Judicial District, Austin, Texas, Nos. 03-14-00283-CV and 03-14-00360-CV.

## ACCELERATED APPEAL

Pursuant to TEX. R. APP. P. 25.1(d)(6) and 28.1(a), Defendants give notice that this is an accelerated appeal to the Third District Court of Appeals, as it is an appeal of an interlocutory order allowed as of right by statute. *See* TEX. CIV. PRAC. & REM. CODE §§ 51.014(a)(4), (8).

## NOTICE OF STAY OF ALL PROCEEDINGS IN TRIAL COURT PENDING RESOLUTION OF THIS APPEAL

Defendants invoke TEX. R. APP. P. § 29.1(b) and TEX. CIV. PRAC. & REM. CODE § 6.001 by this Notice of Accelerated Appeal, thereby staying the Order awarding a temporary injunction. *See Public Utility Com'n of Texas v. Coalition of Cities for Affordable Utility Rates*, 776 S.W.2d 221 (Tex.App.—Austin 1989) *rev'd on other grounds by* 798 S.W.2d 560 (pendency of an appeal from an order granting interlocutory relief suspends order appealed from when appellant not required to post bond). In light of Defendants' denied jurisdictional challenge, they further invoke TEX. CIV. PRAC. & REM. CODE § 51.014 (b) to stay "all other proceedings in the trial court pending resolution" of this appeal of the August 21, 2015 Order.

## DEFENDANTS ARE NOT REQUIRED TO POST A COST BOND

Notice is further given that pursuant to TEX. CIV. PRAC. & REM. CODE § 6.001, Defendants are not required to file a bond for court costs. Defendants' appeal is therefore perfected upon the filing of the notice of appeal.

2

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Division Chief - General Litigation


/s/ Erika M. Laremont
ERIKA M. LAREMONT
State Bar No. 24013003
Assistant Attorney General
General Litigation Division
Post Office Box 12548, Capitol Station
Austin, Texas  78711-2548
512-463-2120 (Telephone)
512-320-0667 (Facsimile)
erika.laremont@texasattorneygeneral.gov
**ATTORNEYS FOR DEFENDANTS**


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing instrument has been sent via File & ServeXpress and electronic mail on this the 21st day of August, 2015, to:

Ryan Henry
1380 Pantheon Way, Ste 215
San Antonio, TX 78232
Austin, TX  78701
(210) 569-6494 facsimile

/s/ Erika M. Laremont
ERIKA M. LAREMONT

3