

# Fourth Court of Appeals
## San Antonio, Texas

March 1, 2021

No. 04-21-00042-CV

**THE CITY OF FLORESVILLE TEXAS**; Marissa Ximenez, in her official capacity as City of Floresville Council Member, Place 1; Gloria E. Martinez, in her official capacity as City of Floresville Council Member, Place 2; Juan Ortiz, in his official capacity as City of Floresville Council Member, Place 3; Gerard Jimenez, in his official capacity as City of Floresville Council Member, Place 4; Gloria Morales Cantu, in her official capacity as City of Floresville Council Member, Place 5; and, Monica Veliz, in her official capacity as the City of Floresville City Secretary
Appellants

v.

Cecilia "Cissy" **GONZALEZ-DIPPEL**, in her official capacity as Mayor of the City of Floresville, Nick Nissen, David Johns and Paul W. Sack
Appellees

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. CVW-19-00897
Honorable Lynn Ellison, Judge Presiding

# O R D E R

After Appellants filed their notice appealing the trial court's granting of Appellees' motion for summary judgment, they filed an emergency motion for stay and supersedeas to block a scheduled hearing on a motion for sanctions and injunction as void under Texas Civil Practice and Remedies Code sections 6.001 and 6.002, arguing that a stay of proceedings pending appeal was automatic upon filing the notice of appeal.

We agree that a city's notice of appeal may operate to supersede the judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 6.002; *In re State Bd. for Educator Certification*, 452 S.W.3d 802, 805 (Tex. 2014). But a governmental entity's right to supersede the judgment is not unlimited. *In re State Bd. for Educator Certification*, 452 S.W.3d at 805 (citing *Ammex Warehouse Co. v. Archer*, 381 S.W.2d 478, 480–81 (Tex. 1964)). "[T]rial courts have discretion to prevent the State's automatic suspension of an adverse non-money judgment." *Id.* (citing TEX. R. APP. P. 24.2(a)(3); *In re Long*, 984 S.W.2d 623 (Tex. 1999) (per curiam); *In re Dallas Area Rapid Transit*, 967 S.W.2d 358 (Tex. 1998) (per curiam)).

Furthermore, the trial court's order states that some causes in the matter including attorney's fees are severed from the final order currently on appeal. The limited record before us does not show which causes were severed or the severed causes' new cause number. Therefore, it is unclear whether we have the authority to prevent the trial court from holding the complained of hearing. *See In re Taylor*, 39 S.W.3d 406, 411 (Tex. App.—Waco 2001, no pet.) ("The trial court should be free to proceed with a hearing and to issue an order if the subject of the hearing and order is not being reviewed by the appeals court.")

In the alternative, Appellants request a stay of the judgment to maintain the status quo pending appeal "in order to avoid imminent and irreparable injury to the City of Floresville and its officers and to prevent any interference with the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal," but neither the clerk's record nor the reporter's record has been filed in this case, and Appellants have not demonstrated imminent, irreparable harm.

Appellant's motion for emergency relief is DENIED without prejudice to refiling a motion based on a more complete record.

Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 1st day of March, 2021.

MICHAEL A. CRUZ, Clerk of Court