

KEN PAXTON

ATTORNEY GENERAL OF TEXAS

June 25, 2025

Ms. Jacky Cockerham
Aransas County Auditor
2840 Highway 35 North
Rockport, Texas 78382

**Opinion No. KP-0492**

Re: Authority of a county commissioners court to create a new legal-support position and transfer funding or positions away from the county attorney's office (RQ-0561-KP)

Dear Ms. Cockerham:

You ask several questions regarding the authority of the Aransas County Commissioners Court in relation to an existing contract and procurement specialist position and a proposed attorney position.[1] Your primary concerns are whether the Commissioners Court has authority to (1) move the contract and procurement specialist position, as well as its associated funding, from the Aransas County Attorney's Office ("County Attorney") to the Aransas County Auditor's Office ("Auditor"); and (2) "create a new attorney position to provide legal support exclusively for the Commissioners Court and department heads" and "defund an existing civil attorney position within the County Attorney's Office in order to finance this newly created legal position." Request Letter at 2, 4.

**General Authority of a County Commissioners Court and County Officials**

A county commissioners court "shall exercise such powers and jurisdiction over all county business, as is conferred by" the Texas Constitution and the laws of the State. TEX. CONST. art. V, § 18(b). The commissioners court is therefore "the county's principal governing body." *Comm'rs Ct. of Titus Cnty. v. Agan*, 940 S.W.2d 77, 79 (Tex. 1997). The powers and duties of a commissioners court "include aspects of legislative, executive, administrative, and judicial functions." *Id.* Duties expressly assigned to the commissioners court include the implied authority

---

[1] *See* Letters from Ms. Jacky Cockerham, Aransas Cnty. Auditor, to Off. of the Tex. Att'y Gen., Op. Comm. at 2, 4 (Aug. 28, 2024), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2024/RQ0561KP.pdf ("Request Letter"). You sent two letters on August 28, 2024, which we combined into a single request and treat as a single document for citation purposes.

to exercise powers necessary to accomplish those express duties. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003).

A commissioners court has express "statutory authority to oversee the fiscal operation of the county by approving and authorizing a budget." *Griffin v. Birkman*, 266 S.W.3d 189, 194 (Tex. App.—Austin 2008, pet. denied); *see generally* TEX. LOC. GOV'T CODE §§ 111.001–.096 (governing county budget preparation).[2] The commissioners court's duty to prepare and authorize a budget is a legislative function. *Henry v. Cox*, 520 S.W.3d 28, 36 (Tex. 2017). Funding for personnel is among the fiscal matters considered in preparing the budget. *See* Tex. Att'y Gen. Op. No. KP-0052 (2015) at 2. A commissioners court generally has broad discretion to make budgetary decisions, subject to review for abuse of discretion. *Agan*, 940 S.W.2d at 81; *Griffin*, 266 S.W.3d at 194–95.

At the same time, state law grants other elected county officers a sphere of authority "within which the Commissioners Court may not interfere or usurp." *Pritchard & Abbott v. McKenna*, 350 S.W.2d 333, 335 (Tex. 1961). That "sphere of authority consists of the officer's core duties under the Texas Constitution and statutes." *Harris Cnty. v. Coats*, 607 S.W.3d 359, 377 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *see also* Tex. Att'y Gen. Op. No. KP-0111 (2016) at 2. A core duty is one exclusively assigned by state law to a particular officer. *See Agan*, 940 S.W.2d at 80–82. While a commissioners court "cannot take core functions" from an elected county official, it may delegate to an "appropriate county official" a function that is not exclusively assigned to a particular county official. *Id*. at 80–81. With that context, we turn back to your questions.

### Contract and Procurement Specialist Position

As background regarding your question about the Commissioners Court's authority to transfer the contract and procurement specialist position away from the County Attorney, you explain the position "is responsible for managing contracts, overseeing procurement processes, and ensuring compliance with legal and regulatory requirements."[3] Request Letter at 3. You say the Commissioners Court is discussing transferring this position to the Auditor, "where it would

---

[2] By virtue of its size, we presume Local Government Code sections 111.001 through 111.014 govern Aransas County's budget preparation. *See* TEX. LOC. GOV'T CODE §§ 111.001–.014 (addressing budget preparation in counties with 225,000 or less population); U.S. CENSUS BUREAU, https://www.census.gov/quickfacts/aransascountytexas (last visited Nov. 21, 2024) (indicating the population of Aransas County from the most recent federal decennial census is 23,830); *see also* TEX. GOV'T CODE § 311.005(3) (defining "[p]opulation" for purposes of construing statutes as "the population shown by the most recent federal decennial census").

[3] The Aransas County Attorney's brief submitted to our office in response to your request reveals disagreement about the contracts and procurement specialist's duties. *See* Brief from Ms. Amanda Oster, Aransas Cnty. Att'y, to Off. of the Tex. Att'y Gen., Op. Comm. at 3 n.5 (Sept. 23, 2024) ("County Attorney's Brief") (on file with the Op. Comm.) (stating the approved job description for the position includes "responsibilities that align with . . . core paralegal functions performed in the County Attorney's Office"). Because this office does not resolve disputed questions of fact, we adopt your factual description and note that different facts may result in a different conclusion. *See, e.g.*, Tex. Att'y Gen. Op. No. KP-0446 (2023) at 1 n.2 (explaining this office does not resolve disputed questions of fact in the opinion process).

align more closely with financial oversight and auditing functions[,] . . . improve operational efficiency[,] and better integrate procurement activities."[4] *Id.*

A county attorney is an elected county official, and thus, we first consider whether the duties of the contract and procurement specialist are core functions of the County Attorney. *See* TEX. CONST. art. V, § 21 (providing that "[a] county attorney[] . . . shall be elected by the qualified voters of each county[] . . . and hold his office for the term of four years"). The Texas Constitution obligates county attorneys to "represent the State in all cases in the District and inferior courts in their respective counties," unless a county is included in a district with a district attorney—in which case their "respective duties" are to "be regulated by the Legislature." *Id.* "[C]ounty and district attorneys are [thus] charged primarily with the enforcement of criminal statutes, and 'it is not one of their prescribed legal duties to represent the county in its general legal business.'" *Guynes v. Galveston Cnty.*, 861 S.W.2d 861, 864 (Tex. 1993) (citations omitted). To be sure, the Legislature can provide otherwise. *See, e.g.*, *Cascos v. Cameron Cnty. Att'y*, 319 S.W.3d 205, 227–28 (Tex. App.—Corpus Christi 2010, no pet.) (specifying various county attorneys who possess "the exclusive right to represent their respective Commissioners Courts . . . in all County matters"), *abrogated on other grounds by In re State Bd. for Educator Certification*, 452 S.W.3d 802 (Tex. 2014).

Here, however, the Legislature has not exclusively assigned the County Attorney to represent the Commissioners Court in all matters and instead provided that "the county attorney of Aransas County shall perform the duties imposed on and have the powers conferred on district attorneys by general law." TEX. GOV'T CODE § 45.104(a); *see also* TEX. CODE CRIM. PROC. art. 2A.102(a) (providing that "[e]ach district attorney shall represent the state in all criminal cases in the district courts of the attorney's district"). We are aware of no statute that vests the County Attorney with exclusive authority to manage county contracts, oversee county procurement processes, or ensure county contracts comply with legal and regulatory requirements. In fact, to the extent state law addresses these duties, it assigns them to other offices. *See, e.g.*, TEX. LOC. GOV'T CODE § 262.011(e) (requiring a county purchasing agent to supervise purchases made on competitive bid). Absent some provision of law that makes the contracts and procurement specialist's responsibilities core duties of the County Attorney, the Commissioners Court could

---

[4] A county auditor must "see to the strict enforcement of the law governing county finances." TEX. LOC. GOV'T CODE § 112.006(b); *see also, e.g.*, *id.* §§ 113.064(a) (explaining that "[a] claim, bill, or account may not be allowed or paid [by a county] until it has been examined and approved by the auditor"), .065 (explaining that "[t]he county auditor may not audit or approve a claim unless the claim was incurred as provided by law"). This raises a potential concern whether a position overseeing purchases and managing contracts can be appropriately housed in the auditor's office—effectively requiring an auditor to "audit[] her own work." *See, e.g.*, County Attorney's Brief at 2 n.5 (noting the Auditor originally "requested that the Commissioners Court move the [contract and procurement specialist] position from the County Auditor's Office to that of the County Judge or County Attorney" to avoid this concern); *cf. also, e.g.*, Tex. Att'y Gen. LO-93-008 (1993) at 1 (highlighting under a separate standard that a marital relationship between a member of the county commissioners court and the county auditor "could make it impossible" for the parties to "exercise appropriate independence of judgment" required by their official functions). Though we recognize the Legislature has authorized a limited subset of auditors to act as county purchasing agents, TEX. LOC. GOV'T CODE § 262.012, the County Attorney indicates that "Aransas County does not have" a county purchasing agent, County Attorney's Brief at 2 n.3. Furthermore, you do not ask about conflicts of interest—an issue involving questions of fact beyond the scope of this opinion—and we do not address whether the position should be transferred to the Auditor because that is decision for the Commissioners Court in the first instance. *See infra* p. 4.

reassign both the position and associated funding to another appropriate office. *See id.* §§ 111.001–.014; *see also Agan*, 940 S.W.2d at 80–81. Ultimately, "[t]he budgetary decision to transfer . . . responsibilities to [another] office is a legislative function for which the Commissioners Court receives broad discretion." *Agan*, 940 S.W.2d at 81. The specific office to which this position and funding may be reassigned is therefore a determination for the Commissioners Court in the first instance. *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0503 (2007) at 4 (declining specific delegation question), JC-0102 (1999) at 4 (same); *see also, e.g.*, Tex. Att'y Gen. Op. No. KP-0052 (2015) at 2 (discussing circumstances in which a final budget may be amended).

**Attorney Position**

We next consider your questions about a new attorney position. Request Letter at 2. As background, you tell us the position "would report directly to the Commissioners Court and provide dedicated legal support to both the Commissioners Court and various County department heads." *Id.* at 1. You say the new position will "ensur[e] more efficient handling of legal matters and reduc[e] potential conflicts of interest" and "would be distinct from the civil attorney roles currently housed with[]" the County Attorney. *Id.* But you do not provide any other details about the duties of the proposed attorney position. *Id.* As such, we address your question in broad terms.

Texas courts have long "upheld the power of a commissioners court to hire counsel to assist it or other officials in carrying out their responsibilities so long as the statutory duties of other county officials are not thereby usurped." *Guynes*, 861 S.W.2d at 863–64 (holding the Galveston County Commissioners Court had authority to use and fund a county legal department "in the conduct of its civil legal affairs"); *see also, e.g.*, *Gattis v. Duty*, 349 S.W.3d 193, 208 (Tex. App.—Austin 2011, no pet.) (observing that a commissioners court possesses authority to hire counsel). And where, as here, a commissioners court was not obligated to exclusively use the county attorney for civil matters, an appeals court found a county commissioners court could establish a civil legal division under its supervision pursuant to its authority to conduct county business and its authority over budgetary matters. *See Cascos*, 319 S.W.3d at 230–32. To the extent the new attorney's duties do not usurp the statutory duties of other county officials, including the County Attorney, the Commissioners Court may create the attorney position you describe.

Next, we address whether the Commissioners Court has authority to "defund an existing civil attorney position within the County Attorney's Office in order to finance this newly created legal position." Request Letter at 2. Certain officers who require "the services of deputies, assistants, or clerks in the performance of the officer's duties" must apply to the commissioners court for the authority to appoint deputies, assistants, or clerks. TEX. LOC. GOV'T CODE § 151.001(a); *see also, e.g.*, Tex. Att'y Gen. Op. No. GA-0350 (2005) at 2 (explaining that a county attorney must apply to the commissioners court for authority to employ assistant county attorneys). Upon receiving the application, "the commissioners court by order shall determine the number of employees that may be appointed and shall authorize their appointment." TEX. LOC. GOV'T CODE § 151.002. The officer may fill the requested positions only after the commissioners court issues an order approving, in whole or in part, the officer's request. *Id.* § 151.003; *see also, e.g.*, *Abbott v. Pollock*, 946 S.W.2d 513, 517 (Tex. App.—Austin 1997, writ denied) (explaining that a commissioners court determines the number and compensation of a sheriff's employees). These requirements demonstrate that when setting the budget for any given year, the commissioners court

may reconsider whether a previously funded position in a particular department is still necessary. *See Hinojosa v. Tarrant Cnty.*, No. 4:08-CV-315-A, 2009 WL 1309218, at *1–2 (N.D. Tex. May 5, 2009) (mem. op. & order) (describing a commissioners court "final decision-making authority to adopt a budget that may, among other things, create certain new positions or eliminate certain existing positions"), *aff'd sub nom.*, *Cook v. Tarrant Cnty.*, 372 F. App'x 493 (5th Cir. 2010) (per curiam); *see also Randall Cnty. Comm'rs Ct. v. Sherrod*, 854 S.W.2d 914, 923 (Tex. App.—Amarillo 1993, no pet.) (per curiam) (Poff, J., concurring and dissenting in part) ("Here, the Commissioners Court had no mandatory statutory duty to employ a third investigator in the D.A.'s office. The Commissioners Court reasonably exercised its discretion in declining to fund the position."). At least one court has upheld a budget amendment transferring funds, previously allocated to the county attorney's office, in order to partially fund a new legal position to advise the commissioners court. *See Gattis*, 349 S.W.3d at 207; *cf. Griffin*, 266 S.W.3d at 201–02 (upholding a budget amendment transferring funds for a law-enforcement mental health unit from constable's office to county sheriff's office).

While the Commissioners Court may have authority through the exercise of its budgetary power to defund the existing attorney position in some circumstances, it may not thereby usurp or interfere with the County Attorney's core duties. *See* Tex. Att'y Gen. Op. No. KP-0429 (2023) at 4 (discussing the limitations of the budgetary power). Other than characterizing this position as a "civil attorney position" you do not tell us the duties of the attorney and thus, we cannot assess whether defunding the position would usurp or interfere with the County Attorney's core duties.[5] Request Letter at 2. To the extent it does not usurp or interfere with the County Attorney's core duties, the Commissioners Court has authority through the exercise of its budgetary power to defund an existing civil attorney position to finance the new attorney position.

Finally, you ask about "legal limitations[] . . . that the Commissioners Court must observe when reallocating responsibilities and funding between these positions." *Id.* An exhaustive treatment of those limitations is beyond the scope of an Attorney General opinion, but broadly speaking, when exercising its budgetary powers, the Commissioners Court must not act "arbitrarily, capriciously, collusively, fraudulently, or otherwise in abuse of its discretion." *Griffin*, 266 S.W.3d at 195. "A commissioners court can act illegally, unreasonably, or arbitrarily by acting contrary to a legal delegation of power or limitation on its own powers or by exercising powers that have been delegated to another county officer by the Texas Constitution or by statute." *Hobbs v. Gattis*, No. 01-19-00025-CV, 2020 WL 6065439, at *5 (Tex. App.—Houston [1st Dist.] Oct. 15, 2020, no pet.) (mem. op.). In sum, the Commissioners Court must not exceed its own authority or invade the County Attorney's sphere of authority.

---

[5] The County Attorney tells us the attorney handles not only civil matters but also criminal matters, as a "sworn deputy prosecutor." County Attorney's Brief at 5 n.7, 11 n.13. But again, "[t]his office cannot engage in fact finding in an attorney general opinion." Tex. Att'y Gen. Op. No. KP-0275 (2019) at 3 n.4.

## **S U M M A R Y**

A commissioners court has authority to delegate to any appropriate county official a function that is not a core duty of another county official. To the extent the duties of the contract and procurement specialist position are not core duties of the Aransas County Attorney's Office, the position and its associated funding may be transferred from the County Attorney to another appropriate county office. The specific office to which this position and funding may be reassigned is a determination for the Commissioners Court in the first instance, as long as other conflicts are not created with the transfer of duties.

A commissioners court has authority to hire legal counsel to assist with county responsibilities so long as the statutory duties of other county officials are not thereby usurped. To the extent it does not usurp or interfere with the statutory duties of other county officials, including the County Attorney, the Aransas Commissioners Court is authorized to create a new attorney position concerning the affairs of Aransas County. To the extent it does not usurp or interfere with the County Attorney's core duties, the Commissioners Court has, in some circumstances, authority through the exercise of its budgetary power to defund an existing civil attorney position to finance the new attorney position.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee

CHRISTY DRAKE-ADAMS
Assistant Attorney General, Opinion Committee