# Supreme Court of Texas

No. 25-0641

In re Ken Paxton and the Office of the Attorney General,
*Relators*

On Petition for Writ of Mandamus

**PER CURIAM**

JUSTICE BLAND filed a concurring opinion, in which Justice Lehrmann and Justice Huddle joined.

"Special provisions have been made for the State for issues like supersedeas . . . ." *In re Google, LLC*, 705 S.W.3d 479, 492 (Tex. App.—15th Dist. 2025, orig. proceeding) (Brister, C.J., dissenting); *see also Morath v. Kingsville Indep. Sch. Dist.*, 710 S.W.3d 918, 922 & nn.7-8 (Tex. App.—15th Dist. 2025, no pet.). Because those special provisions were too hastily swept aside in this case, we conditionally grant mandamus relief.

In rules promulgated earlier this year, the Attorney General imposed reporting requirements on local prosecutors. *See* 1 TEX. ADMIN. CODE §§ 56.1-.10; *see also* TEX. GOV'T CODE § 41.006 (commanding that "district and county attorneys *shall* report . . . information . . . that the attorney general desires" (emphasis added)). A group of counties, county

attorneys, and district attorneys assert that the reporting rules impose substantial burdens on them and that the Attorney General lacked statutory authority to promulgate the rules. They sued, and the district court issued a temporary injunction against enforcement of the rules. So the Attorney General brought an interlocutory appeal to the Fifteenth Court of Appeals.

The Attorney General's appeal "automatically superseded the district court's injunction." *In re Abbott*, 645 S.W.3d 276, 280 (Tex. 2022); *accord In re Tex. Educ. Agency*, 619 S.W.3d 679, 680 (Tex. 2021); *In re Long*, 984 S.W.2d 623, 625-26 (Tex. 1999). That is so because, "[s]ince 1838, the State and its departments have been exempt from filing a bond to appeal an adverse judgment." *In re State Bd. for Educator Certification*, 452 S.W.3d 802, 804 (Tex. 2014); *see* TEX. CIV. PRAC. & REM. CODE § 6.001. Within the past decade, in fact, the Legislature has expressly protected this governmental "right . . . to supersede a judgment or order on appeal." TEX. GOV'T CODE § 22.004(i). "[W]hen and how supersedeas should be allowed is a policy question peculiarly within the legislative sphere and the Legislature has determined that the State . . . may supersede judgments of trial courts." *Ammex Warehouse Co. v. Archer*, 381 S.W.2d 478, 482 (Tex. 1964).

Ordinarily, therefore, the Attorney General would have been free to enforce his new reporting rules while the temporary injunction was being challenged on appeal. TEX. CIV. PRAC. & REM. CODE § 6.001(b)(2)-(3); TEX. R. APP. P. 29.1(b); *cf.* TEX. R. APP. P. 24.2(a)(3), 25.1(h)(2). But we have held that Rule 29.3, which authorizes appellate courts to "make any temporary orders necessary to

preserve the parties' rights until disposition of the appeal," enables a court of appeals to issue injunctive relief against the government during the pendency of an appeal notwithstanding the government's right to automatic suspension of a trial court's interlocutory order. *See In re Tex. Educ. Agency*, 619 S.W.3d at 682-92 (construing TEX. R. APP. P. 29.3). Here, the Fifteenth Court halted enforcement of the Attorney General's reporting rules, pending its expedited resolution of the case, by "order[ing] a stay under Texas Rule of Appellate Procedure 29.3 and leav[ing] the trial court's temporary injunction in place as to the named Appellees only." *Paxton v. Garza*, No. 15-25-00116-CV, slip op. at 3-4 (Tex. App.—15th Dist. July 17, 2025, order).

The dissent below warned that the "majority . . . stops short of conducting a legal analysis on any [merits] issues or finding whether Appellees have demonstrated a likelihood of success on the merits." *Id.*, slip op. at 6 (Farris, J., dissenting). This Court has held that "appellate courts asked to issue temporary relief pending appeal should make a preliminary inquiry into the likely merits of the parties' legal positions." *In re State*, 711 S.W.3d 641, 645 (Tex. 2024). Yet the discussion of this issue in the court below is confined to the following paragraph:

> The case before us presents a close question of statutory construction and many other issues that are mixed questions of fact and law and are hotly contested. Appellees have raised serious questions of statutory construction on whether the Attorney General had express authority to promulgate the rules at issue and whether that authority may be implied. Based on the limited briefing we have received, as well as amicus briefs submitted to us thus far, the issues before us are complex. The parties have had several months to consider, object, or defend the rules, but we have not, and we are reluctant to

3

decide who is "likely to succeed on the merits" of a dispute that arrived on this Court's doorstep two weeks ago.

*Paxton*, slip op. at 3 (majority opinion).

We agree with the dissent that this cannot be enough to justify a stay of the Attorney General's reporting rules. "A stay pending appeal is, of course, a kind of injunction," and we have treated "the likely merits" as one of the "*required* considerations" for granting injunctive relief. *In re State*, 711 S.W.3d at 645 (emphasis added).[*] A court's "reluctan[ce] to decide who is 'likely to succeed on the merits,'" *Paxton*, slip op. at 3, does not dispense with that requirement, which is perhaps at its strongest when the judiciary is asked to enjoin executive-branch action on matters of public import. After all, as we have repeatedly held, the work of the other branches is entitled to "a presumption of regularity, good faith, and legality." *Webster v. Comm'n for Law. Discipline*, 704 S.W.3d 478, 501 (Tex. 2024). Any judicial interference with the executive branch's desired course of action should always be premised, at least in part, on judicial analysis of whether that course of action is within the executive's legal authority. This principle, on which our precedent is clear, derives from the separation of powers and does not waver when time is short. "The relevance of the merits to requests for injunctive relief does not vanish when courts must rule expeditiously." *In re State*, 711 S.W.3d at 645.

---

[*] *See, e.g., In re State*, 682 S.W.3d 890, 893 n.3 (Tex. 2023); *Abbott v. Harris County*, 672 S.W.3d 1, 21 (Tex. 2023); *In re Abbott*, 628 S.W.3d 288, 291 (Tex. 2021); *State v. Hollins*, 620 S.W.3d 400, 405 (Tex. 2020); *Abbott v. Anti-Defamation League Austin, Sw., & Texoma Regions*, 610 S.W.3d 911, 917 (Tex. 2020); *In re Newton*, 146 S.W.3d 648, 652 (Tex. 2004).

4

If, as the suing prosecutors suggest, there are *particular* kinds of information that may not properly be disclosed, then discrete challenges as to the applicability of the rules in that context will remain available. Only if the Fifteenth Court concludes that it is necessary to block the rules *in their entirety* at this early stage may it do so, and that conclusion cannot be reached without at least a preliminary assessment of the merits of the challenge to the rules. Nothing in our decision today prevents the Fifteenth Court from considering such a stay under the proper standard.

Without hearing oral argument, *see* TEX. R. APP. P. 52.8(c), we conditionally grant mandamus relief and direct the court of appeals to evaluate the merits to determine, by January 5, 2026, whether a Rule 29.3 stay is warranted. We are confident the court of appeals will do so promptly; our writ commanding vacatur of its order granting temporary relief under Rule 29.3 will issue only if it does not.

**OPINION DELIVERED:** December 22, 2025